UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America )
)
vs )  Docket No. 04-10288-RWZ
)
Jason Matthews, Defendant )

## DISCOVERY MOTION OF DEFENDANT, JASON MATTHEWS

In prior discovery, the Government has indicated that there are at least 74 audio recordings, 12 video recordings and 3 CD Rom recordings, containing information related to the conspiracy alleged in the indictment.

It is noted that Matthews is not alleged to have played a significant role in the alleged conspiracy. He is mentioned only in Count 1 of the indictment. It is not alleged that he participated in any of the distributions charged in Counts 2 through 17. In his testimony, at the probable cause hearing, Special Agent Story acknowledged that Matthews was not involved or engaged in or even mentioned, as a purchaser or seller of oxycodone, in most of the transactions concerning which he testified. He confirmed that the defendant, Baldassano, never mentioned Matthews as one of his distributors. Although it is alleged in the indictment that the conspiracy began in October, 2003, the earliest mention of Matthews, in the discovery material thus far produced, was on 3/11/04. In the other DEA reports, thus far produced, he is mentioned only in those dated 6/7/04 and 6/29/04. His sole involvement on those dates appears to have been as the driver of a Jeep in which other parties were passengers.

On January 17, 2005, counsel for the defendant submitted a written request to the Government for further discovery. That request was meant to identify the particular items of discovery which specifically relate to Matthews and, thereby, to avoid the extraordinary expense of securing copies of over 89 audio recordings, etc., and the unnecessary incurring of substantial fees for appointed counsel to review such voluminous material, having in mind the apparent minimal involvement of this particular defendant.

On February 23, 2005, the Government FAXED a response to defense counsel's request for additional discovery, essentially declining to provide most of the requested items.

The Government did agree (a) to provide copies of all pen registers which list any telephonic devises alleged to have belonged to or to have been used by the defendant, Jason Matthews; (b) to provide a copy of the analysis of Drug Exhibit #83; and (c) to provide copies of the Marblehead Police and Gloucester Police reports, relative to Matthew's arrests on or about 2/5/04 and 6/29/04, if such reports were generated. This information has not yet been provided to Matthews' defense counsel, but it is assumed that such materials will be provided within the near future, based on the Government's agreement to do so.

The ground for seeking the discovery, listed below, is that the defendant seeks to isolate and solidify the items of discovery which relate specifically and explicitly to him, and not generally to the multiple defendants named in the indictment. Defense counsel may then contact the Duplicating Center and order only those recordings which relate directly to Matthews. Upon receipt and review of those recordings and the other

materials requested herein, counsel for Matthews will be in a position to evaluate the direct evidence against him and, then, to discuss with the Government a possible plea agreement, *vis-à-vis* a trial.

Wherefore, the defendant, Jason Matthews, moves that the Government be ordered to provide his counsel with the following items of additional discovery:

(1) Identify each and every audio recording or CD Rom, by Exhibit Number and date, in which it is alleged that the defendant, Jason Matthews, either participated, or was mentioned, or during which he is alleged to have been present.

(2) Identify each and every video recording, by Exhibit Number and date, in which it is alleged that the defendant, Jason Matthews, appears.

(3) Provide a copy of any written statement and/or a summary of any oral statement, made by any of the other defendants, charged in this indictment, in which the defendant, Jason Matthews, is named or referred to.

(4) Provide copies of any documents or records seized, in the process of the investigation leading up to this indictment, in which the defendant, Jason Matthews, is named or referred to.

(5) Identify, by date and location, each and every occasion on which it is alleged that the defendant, Jason Matthews, drove the defendant, Joseph Baldassano, in connection with transactions alleged in the indictment. (See page #106 of the transcript of the probable cause hearing.)

(6) Provide copies of the notes of Special Agent Steven C. Story and/or other federal agents, taken on the occasion of the interview of the defendant, Jason Matthews, on or about 2/5/04. (See page #98 of the transcript of the probable cause hearing, where Agent Story acknowledges that the notes are still in existence.)

(7) Disclose the quantity of oxycodone for which the Government concludes the defendant, Jason Matthews, is accountable, under Count 1 of the indictment, and set forth the factual bases for such conclusion.

(8) Set forth the date or approximate date on which the Government alleges that the defendant, Jason Matthews, joined the conspiracy alleged in Count 1 of the indictment, and state the factual bases for such allegation.

(9) Identify each and every specific and overt act of the defendant, Jason Matthews, (including the date and place of each such act), which the Government intends to use as evidence of his involvement in the conspiracy alleged in Count 1 of the indictment.

(10) Disclose any agreement entered into between the Government and any potential Government witness which could influence the testimony of such witness or which could have some bearing on the credibility to be attached to the testimony of such witness.

By his Attorney,

*/s/ Richard M. Welsh*

Richard M. Welsh
80 Worcester Street
No. Grafton, MA 01536
Tel: 508-839-7713
BBO #522660

## Certificate of Service

This will certify that I served a copy of the within motion on the United States Attorney's Office by mailing a copy hereof, on March 23, 2005, postage prepaid, to A.U.S.A. David Tobin, United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

*/s/ Richard M. Welsh*

Richard M. Welsh
Attorney for the Defendant