UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            v.              )   CRIMINAL NO. 04-10288-RWZ
                            )
JASON MATTHEWS              )
            Defendant       )

<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY MOTION</u>

Now comes the United States, by its attorneys, Michael J.
Sullivan, United States Attorney, and David G. Tobin, Assistant
U.S. Attorney, and hereby files its opposition to the defendant's
Discovery Motion.

On November 26, 2004, the United States provided the
defendant with automatic discovery pursuant to Rules 116.1(C) and
116.2 of the Local Rules.  In that discovery, the United States
provided the defendant with a list of all audio and video
recordings pertaining to the multi-defendant case and
notification that copies of any or all of the recordings were
available to the defendant by contacting the Duplicating Center.
The address and phone number were provided.  The United States
also provided the defendant with 338 pages of Drug Enforcement
Administration (DEA) reports and other materials pertaining to
the investigation.

On February 22, 2005, the United States responded to the
defendant's discovery letters (Enclosed please find the
Government's response, marked Attachment A).  In the response,

the United States declined to provide the defendant with a index of the audio and video recordings on which the defendant or his voice appeared because no such index existed.  The United States informed the defendant that if the United States created such an index, the attorney for each of the defendants would be provided a copy.  The United States further advised the defendant that the "requested information may be obtained by reviewing the previously provided reports."  The various DEA reports reference the audio and video recordings made of the defendants in this case.

The below-numbered paragraphs correspond to the numbered requests in the defendant's Discovery Motion:

(1)  The United States opposes the defendant's motion to identify each and every audio recording or CD-ROM in which the defendant participated, or was mentioned, or during the making of which he is alleged to have been present.  The United States is under no obligation to provide the defendant with the requested information.  The United States made it perfectly clear in its response to the defendant's discovery letter that it has not created an index identifying which defendant is on which audio or video recording.  If the United States creates such an index, a copy will be provided to counsel for each defendant.  Counsel has been advised that the DEA-6 Investigative Reports provided to him on November 26, 2004, reference the various recordings made in

this case.  A review of the DEA-6 Investigative Reports that
mention the defendant and the recordings referenced in those
reports may provide the defense attorney with the type of
information he seeks.

(2)  Please see answer (1) above.  Additionally, as
counsel notes in his motion, there are only approximately twelve
video recordings.  These recordings, as well as all of the audio
recordings, are available to be viewed or listened to by counsel,
at no cost, at the Office of the United States Attorney.  Copies
also are available for purchase at The Duplicating Center.

(3)  The defendant's motion seeks a copy of any written
statement and/or a summary of any oral statement, made by any of
the other defendants, charged in this indictment, in which the
defendant is named or referred to.  In response to a similar
request in the counsel's discovery letter, the United States
responded that it will provide the defense all statements of co-
defendants that contain exculpatory information, that are
required to be furnished pursuant to the Jenks Act, or that are
subject to disclosure pursuant to applicable case law, the
Federal Rules of Evidence, or the Local Rules.  At this time, the
undersigned is unaware of any statement made by a co-defendant
that is potentially exculpatory as to the defendant.  The United
States has not yet determined which co-defendants, if any, will
testify at the defendant's trial.  The United States contends

3

that it has met all of its obligations with regard to disclosing co-defendant statements.

(4)  The United States has met all of its discovery obligations with regard to the disclosure of documents.

(5)  The United States opposes the defendant's motion to be informed of each and every occasion on which the defendant drove co-defendant Joseph Baldassano.  Nothing in the rules of discovery require the United States to disclose such information. The United States has provided the defense with  more that 300 pages of DEA reports and other materials.  These materials included specific information pertaining to the  defendant providing transportation to co-defendant Baldassano.

(6)  The United States opposes the defendant's motion for the notes of DEA SA Steven Story from an interview conducted of the defendant on or about February 5, 2004.

(7)  The superseding indictment alleges that the defendant is responsible for a quantity of oxycodone that when converted to its marijuana equivalent pursuant to the United States Sentencing Guidelines is equivalent to at least 3,000 kilograms of marijuana but less than 10,000 kilograms of marijuana.  Although such an allegation may now be surplusage, the United States will seek to have the defendant held responsible for this amount at sentencing.  As explained in its response to the defendant's discovery letter, the United States

4

contends that it was reasonably foreseeable to the defendant that the conspiracy of which he was a member involved that quantity of Oxycodone.

(8) & (9) At this time, the United States opposes the defendant's motions pertaining to the alleged date he joined the conspiracy, and the defendant's alleged acts that the government intends to use as evidence of his involvement in the conspiracy. The defendant has failed to cite any authority requiring the United States to disclose the requested inculpatory evidence.

(10) The United States will provide all required information pertaining to identified trial witnesses at the time required by the Local Rules.

For the reasons stated above, the United States respectfully requests that this Honorable Court deny the defendant's Discovery Motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: */s/ David G. Tobin*
DAVID G. TOBIN
Assistant U.S. Attorney

March 29, 2005