UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                                   )
vs.                                )   **CRIMINAL ACTION**
                                   )   **NO. 04-10288-RWZ**
JASON MATTHEWS,                    )
          Defendant,               )
_____)

ORDER
April 13, 2005

**SWARTWOOD, M.J.**

Nature of the Proceeding

By Order of Reference dated September 22, 2004, this case was referred to me for pretrial proceedings. This Order addresses the Discovery Motion Of Defendant, Jason Matthews (Docket No. 182).

Discussion

Jason Matthews has been charged with twelve other defendants as members of a drug organization that was allegedly distributing large quantities of Oxycodone in the North Shore area of Massachusetts. Mr. Matthews is charged in Count I of the multi-count Indictment with conspiracy to possess with intent to distribute and distribution of Oxycodone. In order to better evaluate whether to explore plea negotiations with the Government, Mr. Matthews seeks "to isolate and solidify the items of discovery which relate specifically and explicitly to him, and not generally

to the multiple defendants named in the indictment." <u>Discovery Motion Of Defendant, Jason Matthews</u> (Docket No. 182), at p. 2.

Specifically, Mr. Matthews requests that the Government: (1) identify those audio recordings, by exhibit number and date, in which it is alleged that he participated or during which he was mentioned or was present; (2) identify each video recording, by Exhibit Number and date, in which he appears; (3) provide a copy of every written statement and/or a summary of every oral statement, made by any of his co-Defendants, in which he is named or otherwise referred to; (4) provide copies of any documents or records seized, in the process of the investigation leading to the Indictment, in which he is named or referred to; (5) identify, by date and location, each and every occasion in which it is alleged he drove co-Defendant, Joseph Baldassano, in connection with any transactions alleged in the Indictment; (6) provide all notes prepared by federal agents when he was interviewed on February 5, 2004; (7) disclose the amount of Oxycodone for which the Government alleges he was responsible and set forth the facts supporting such conclusion; (8) set forth the date on which the Government alleges he joined the conspiracy and the factual basis for such allegation; (9) identify each and every overt act allegedly committed by him in furtherance of the conspiracy, including the time and place of such act; and (10) disclose any agreement entered into by the Government and any potential witness which could influence the testimony of

such witness or could have some bearing on the credibility of the witness's testimony.

(1,2) There are a number of audio and/or video tapes in this case which will certainly take a substantial amount of time to review. While Mr. Matthews may have been recorded and/or referred to etc., on only a few of those recordings, his counsel is in a better position than the Government to determine what information contained in such recordings is relevant to his case. Mr. Matthews' request to have the Government identify those audio and/or video tapes which pertain to him is <u>denied</u>.

(3) The Government has made it clear that it understands its obligation with respect to providing Mr. Matthews with statements made by his co-Defendants and has represented that it has complied with such obligations and will continue to do so. Therefore, this request is <u>denied</u>, as moot.

(4) The Government is obligated to disclose to Mr. Matthews any documents which contain any information which may be exculpatory to him, which may be material to preparing his defense, which it intends to use in its case in chief and/or which it obtained from him. The Government represents that it has complied with its

obligation concerning the disclosure of documents and therefore, this request is <u>denied</u> as moot.

(5) Mr. Matthews' request to be informed of each occasion on which the Government alleges he drove Mr. Baldassano to and/or from a drug transaction <u>denied</u> as beyond the scope of discovery. However, to the extent that the Government intends to introduce at trial evidence that Mr. Matthews drove Mr. Baldassano to and/or from various drug transactions (other than those instances previously disclosed during various pre-trial hearings on this case), it would be beneficial to a prompt resolution of this case for such information to be disclosed.

(6) To the extent that any federal agent made verbatim notes of statements made by Mr. Matthews during any interviews of him such notes shall be disclosed to Mr. Matthews. Furthermore, to the extent that any notes made by any federal agents during such interviews summarize any exculpatory and/or inculpatory statements made by Mr. Matthews, the Government shall provide Mr. Matthews with a summary of such statements (if it has not already provided such information in previously disclosed reports or otherwise).

(7) The Government has informed Mr. Matthews of the amount of drugs for which it will seek to hold him responsible. To the extent that Mr. Matthews seeks additional information, his request is <u>denied</u> as outside the scope of discovery.

(8,9) The Indictment alleges that the conspiracy involving Mr. Matthews took place from the beginning of October 2003 and lasted through approximately June 10, 2004. Given this limited time frame, Mr. Matthews should be able to prepare a defense without requiring the Government to be any more specific concerning the date he is alleged to have joined the conspiracy. Furthermore, although the Indictment does not specify any overt acts allegedly committed by Mr. Matthews, the underlying Complaint describes in detail Mr. Matthews' alleged role in the conspiracy and further details concerning his role were revealed to him at his probable cause/detention hearing. Under these circumstances, Mr. Matthews' requests to disclose the date he joined the conspiracy and for a description of overt acts allegedly committed by him in furtherance of the conspiracy are <u>denied</u>.

(10) The Government has acknowledged its obligation to provide Mr. Matthews with information concerning its witnesses and has stated its intent to do so in the time

provided by this Court's Local Rules.  To the extent that the Government has, to date, entered into any formal agreement with any witness it expects to testify in its case-in-chief, the Government  shall promptly provide Mr. Matthews with a summary of any benefits to be provided to such witness pursuant to such agreements in return for the witness's testimony.

## Conclusion

The Discovery Motion Of Defendant, Jason Matthews (Docket No. 182) is <u>allowed</u> in part and <u>denied</u> in part as provided in this Order.


<u>/s/ Charles B. Swartwood III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE