UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America    )
                            )
        vs                  )    Docket No. 04-10288-RWZ
                            )
Jason Matthews, Defendant   )

DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Jason Matthews, herewith files this memorandum, relative to the sentence to be imposed in this action.

Oxycontin Amount

The defendant respectfully submits that he should not be held accountable for more than the 100 pills involved in the transaction which occurred on 6/7/04 and the 500 pills which Baldassano attempted to negotiate on 6/29/04, - incidents at which Matthews was present but in which he did not actively participate.

Holding him accountable for those 600 pills would place him at a base offense level of 26.

The Government seeks to hold him accountable for a higher quantity of pills, based on a statement allegedly given by him to Agent Steven Story, on 2/5/04.

On 11/26/04, A.U.S.A. David G. Tobin submitted an automatic discovery letter to defense counsel, in which he stated:

"The Government is unaware of any oral statements made by the defendant, either before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial."

On 11/24/05, A.U.S.A. David G. Tobin issued an "offense conduct" submission to the Probation Department, relative to Jason Matthews, in which he stated:

"The Government contends that the defendant should be held accountable for sentencing purposes for at least the 600 80 milligram Oxycontin tablets described above."

The statement allegedly given to Agent Story was taken from the defendant when he was under arrest, and not represented by counsel, on charges unrelated to the oxycodone investigation. The statement referred to incidents alleged to have occurred essentially outside of the inclusive dates of the conspiracy, as set forth in the Indictment. This extra-judicial "confession" is not supported by any substantial, independent evidence establishing a *corpus delecti*, i.e. there is no corroborating evidence establishing that the events referred to in the defendant's statement ever actually occurred.

In the case of <u>United States v. Singleterry</u>, 29 F. 3d 733, (1994), the First Circuit Court of Appeals stated:

"The general rule is that a jury cannot rely on an extra judicial, post-offense confession, even when voluntary, in the absence of 'substantial independent evidence which would tend to establish the trustworthiness of the statement.' "

In its sentencing memorandum, the Government offers to corroborate the defendant's admissions to Agent Story through the testimony of the principal offender in the conspiracy, *i.e.* Joseph Baldassano. It is respectfully submitted that Baldassano lacks sufficient credibility to support a finding of "substantial, independent evidence", based on his own criminal record; his admitted used of multiple drugs; his acknowledged distribution of countless controlled substances; and, most notably of all, his expectation of a reduced sentence for cooperation with the Government, through testimony against

those whom he involved in the first place.

Reference is made to the testimony of Agent Story, at the probable cause hearing, in which he testified, as follows:

Question: You mentioned at one time that Mr. Baldassano indicated that he was going to have the pills delivered through his own agents so that he wouldn't somehow be involved. Were those agents named as to who his assistants were by Mr. Baldassano or by anyone else?

Answer: Only as these individuals showed up one by one on the given transactions.

Question: So was Mr. Matthews ever mentioned as one of the street sellers?

Answer: No. **He did not mention him as one of his distributors.**

(See transcript of Story testimony, at page #94.)

On the issue of "substantial, independent evidence", the Court's attention is directed to the testimony of Agent Story, at page #106 of his testimony at the probable cause hearing:

Question: I'll ask you again., do you have any indication that he either sold or purchased Oxycontin direct, hand-to-hand contact?

Answer: **Other than his own admissions in the interview, no, sir.**

The Government suggests, in its sentencing memorandum, that the defendant's statement to Agent Story is reliable evidence, while at the same time suggesting that the statement itself contained ploys and attempts at confusion. How can it expect the Court to pick and choose between the various elements of the statement and thereby establish what parts are trustworthy and what parts are not?

For the foregoing reasons, the defendant submits that his statement to Agent Story should not be used to increase his base offense level.

## Acceptance of Responsibility

On 8/31/05, this Court granted the defendant's motion for a pre-plea presentence investigation. No pre-plea presentence report was ever filed by the Probation Department.

On 3/10/06, A.U.S.A. David G. Tobin wrote to defense counsel and stated:

"Please be advised that if your client pleads guilty to all counts in which he is named on or before March 17, 2006, the United States will recommend that your client be awarded a three-point Sentencing Guideline reduction for acceptance of responsibility and making a timely guilty plea. If you(r) client pleads guilty after March 17, 2006, the United States will vigorously oppose the award of the third point."

On 3/17/06, the defendant entered a plea of guilty to Count 1 of the Indictment, *i.e.* the only count in which he was named, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. (See U.S.S.G., Section #3E1.1.)

On 5/1/06, A.U.S.A. David G. Tobin filed a "Government's Sentencing Memorandum", in which he stated:

"(T)his Court should not reduce Matthew's offense level for acceptance of responsibility …"

The defendant respectfully submits that the conduct of the Government in (a) promising a recommendation for a 3 point reduction for acceptance of responsibility, in return for a timely guilty plea, and (b) then arguing against any such reduction, after the defendant pleaded guilty, in reliance upon such promise, is **grossly unfair**.

The Probation Department, which failed to provide a pre-plea sentence report, as ordered by the Court, prior to the date on which the Government required a guilty plea, (as a condition for its recommendation of a 3 point reduction), bases its denial of a reduction for acceptance of responsibility on the fact that the defendant, on 10/31/04, while on pretrial release, was arrested for possession of a controlled substance and a hypodermic needle.  This arrest resulted from his personal use of a drug, due to his addiction, and did not involve any distribution.  While awaiting disposition of his State case, the defendant engaged in post-offense rehabilitative efforts, *e.g.* counseling and drug treatment.  (See U.S.S.G., Section #3E1,1, Application Note 1(g).)  A certificate from the Essex County Sheriff's Department, confirming his completion of a comprehensive addiction program, will be submitted to the Court, at the time of sentencing.

Role in the Offense

The defendant requests that he be allowed a decrease in the offense level, on the ground that he was a **minor participant** in the alleged conspiracy.  He is only charged in Count One of the Indictment.  He is not charged in any of the 16 counts for distribution. Although it is alleged that the conspiracy began in October, 2003, the earliest date on which he is mentioned in the investigation is February, 2004.  He was only peripherally involved in the transactions of 6/7/04 and 6/29/04.  Reference is made to the testimony of Agent Story, at the probable cause hearing, in which he testified that Matthews was not involved in the transactions on 11/25/03, 12/2/03, 12/12/03, 1/14/04, 1/22/04 and 6/10/04;  that he was not present at the deal on 6/7/04;  and that he was not involved in

any of the negotiations on 6/29/04.  Matthews had no contraband on his person, at the time of arrest on 6/29/04.  Agent Story had conversation with Baldassano, after the arrest, relative to the sale of Oxycontin, and Matthews was not mentioned during the course of that conversation.  (See transcript of Story testimony, pages 93 to 107.)

<u>Category IV Over-Represents Seriousness of Criminal History</u>

The defendant has not been charged with any prior drug distribution offenses.  His prior convictions all appear to be related to a drug addiction which he has vigorously addressed, during his incarceration since 10/31/04.  It is noted that he is only 26 years old and has completed his high school education.  He was regularly employed up to the time of his arrest.  He has strong family support.  He has addressed and continues to address his drug addiction.  (He has been clean and sober for approximately 18 months.)  He has been confined since October, 2004, with no disciplinary problems.  He has no history of violence.

<u>U.S.S.G., Section #5K2.23</u>

The defendant has been incarcerated since October 31, 2004.  He was in State custody, on an unrelated case, from October 31, 2004 to August 26, 2005, after which he was detained in federal custody, in connection with the instant case.  He requests a downward departure, pursuant to the provisions of U.S.S.G., Section #5K2.23.

<u>Request for Recommendations</u>

The defendant requests that the Court recommend (a) that he be considered for admission to the 500 Hour Drug Treatment Program and (b) that the Bureau of Prisons assign him to the Federal Correctional Facility in New Jersey, so that his mother and

other family members may have access to him, for visits.

## Non-Guideline Sentence

The defendant requests that the Court consider a sentence of imprisonment, not to exceed 46 to 57 months, and submits that such a sentence, followed by an extensive period of supervised release, would adequately meet the standards set forth in 18 U.S.C. Section #3553(a), - *i.e.* such a sentence would adequately reflect the seriousness of his offense;  would promote respect for the law;  would provide a just punishment;  would deter criminal conduct by others;  would protect the public from further crimes by the defendant;  and would provide him with needed correctional and drug rehabilitation treatment in the most effective manner.

## Conclusion

The defendant respectfully submits (a) that his extra-judicial statement on 2/5/04 should be excluded from consideration in connection with his sentencing;  (b) that his base offense level should be 26, and not 34;  (c) that he is entitled to a 3 level decrease for acceptance of responsibility;  (d) that he is entitled to a decrease in the offense level, as a minor participant;  (e) that he is entitled to a downward departure from Criminal History Category IV, pursuant to U.S.S.G., Section #4A1.3(b)(1);  (f)  that he is entitled to "credit for time served", since October 31, 2004, pursuant to U.S.S.G., Section #5K2.23;  (g) that he should be recommended for admission to the 500 hour drug rehabilitation program;  and (h) that for the foregoing reasons and considering the factors set forth in 18 U.S.C. Section #3553(a), any sentence of imprisonment should not exceed 46 to 57 months, which would be "sufficient but not greater than necessary".

By his Attorney

/s/ *Richard M. Welsh*
Richard M. Welsh
Attorney for Jason Matthews
80 Worcester Street
No. Grafton, MA 01536
Tel:  508-839-7713
May 3, 2006